Scott E. Rahn, Esq. (SBN 222528)
rahns@rmolawyers.com
Sean D. Muntz, Esq. (SBN 223549)
muntzs@rmolawyers.com
David G. Greco (SBN 299635)
grecod@rmolawyers.com
**RMO LLP**
2029 Century Park East, Suite 2910
Los Angeles, CA 90067
Phone: (424) 320-9444

Attorneys for Plaintiff,
C.Q., a minor, by Guardians Ad Litem SAKU QUEZADA and PABLO QUEZADA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.Q., a minor, by and through Guardians Ad Litem SAKU QUEZADA and PABLO QUEZADA, <br><br> Plaintiffs, <br><br> *v.* <br><br> RIVER SPRINGS CHARTER SCHOOLS, a California Local Education Agency, <br><br> Defendant. | Case No.: 5:18-cv-01017-SJO-SHK <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED OPPOSITION TO MOTION FOR ATTORNEYS' FEES** <br><br> Date: September 9, 2019 <br> Time: 10:00 a.m. <br> Dept: 10C <br><br> Judge: Hon. S. James Otero |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   **Introduction** ................................................................... 1

II.  **Argument** ....................................................................... 2

    A.   The Ninth Circuit rejected all of Defendant's arguments when it granted Plaintiff's motion for fees in that venue. ................................ 2

    B.   Defendant's settlement offers failed to account for attorneys' fees, which is substantial justification for rejection in the Ninth Circuit .... 2

    C.   Plaintiff's OAH victory was not minimal. ......................................... 4

    D.   In alleging delay, Defendant omits material facts, strains credulity, and provides no evidentiary support. ...................................... 5

    E.   Plaintiff prevailed in this Court. ....................................................... 8

    F.   Plaintiff prevailed on every issue in this Court—the opposite of "minimal" success ................................................................... 9

    G.   Plaintiff's fees and rates are reasonable and recoverable. ............... 10

    H.   Defendant fails to show its recycled "bad faith" argument has merit. ....................................................................................... 11

III. **Conclusion** .................................................................... 12

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Compton Unified Sch. Dist.*,
2015 WL 12748005 (C.D. Cal. July 16, 2015) ................................... 2

*Armenta v. Allstate Indem. Co.*,
2011 WL 4383061 (E.D. Cal. 2011) ................................................... 4

*Beauchamp v. Anaheim Union High Sch. Dist.*,
816 F.3d 1216 (9th Cir. 2016) ........................................................... 2

*Brae Corp. v. U.S.*,
740 F.2d 1023 (D.C. Cir. 1984) ......................................................... 2

*City & County of San Francisco v. United States*,
615 F.2d 498 (9th Cir.1980) .............................................................. 4

*Dicks v. D.C.*,
109 F. Supp. 3d 126 (D.D.C. 2015) .................................................... 2

*Earth Island Institute v. U.S. Forest Service*,
351 F.3d 1291 (9th Cir. 2003) ........................................................... 5

*Hawkins v. Berkeley Unified Sch. Dist.*,
2008 WL 681880 (N.D. Cal. Nov. 20, 2008) ...................................... 3

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ......................................................................... 10

*Kaur v. Gonzales*,
121 Fed. Appx. 265 (9th Cir. 2005) ................................................... 7

*Nationwide Biweekly Administration, Inc. v. Owen*,
873 F.3d 716 (9th Cir. 2017) ............................................................. 5

*Nelson Ricks Cheese Co. Inc. v. Lakeview Cheese Company, LLC*,
331 F. Supp. 3d 1131 (D. Idaho 2018) ............................................... 7

*Oscan v. Alaska Dep't of Educ. and Early Development*,
514 F.3d 978 ..................................................................................... 6

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

*U.S. v. Crawford,*

   239 F.3d 1086 (9th Cir. 2001)...................................................................... 7

**Statutes**

20 U.S.C. § 1401(14) .................................................................................. 4

20 U.S.C. § 1415(j) ..................................................................................... 8

**Rules**

Fed. R. Civ. Proc. 41(a)(1)(B) ................................................................... 6

**Regulations**

34 C.F.R. §§ 300.22, 300.320(a).............................................................. 4

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

## I.   Introduction

Plaintiff's motion should be granted.

The Ninth Circuit has already granted Plaintiff's motion for fees in that venue. In doing so, it rejected all of the arguments Defendant made there. The arguments are the same as those Defendant asserts here. This Court should follow the Ninth Circuit's lead and reject Defendant's arguments.

Defendant claims Plaintiff was not substantially justified in rejecting Defendant's settlement offers. That ignores precedent holding that a plaintiff is substantially justified in rejecting settlement offers that do not account for attorneys' fees, which is the case here.

Defendant fails to disprove that all of the work performed on this matter was intertwined into all of the adjudicated issues. It offers conclusory argument—but not evidence. Its argument contradicts the text of the Individuals with Disabilities Act and related regulations. The argument also attempts to fold the fees related to the District Court proceedings into the fees related to the OAH proceedings.

Defendant's accusations of delay are meritless. Defendant omits material facts related to the filings it claims were intended to cause delay. In doing so, it attempts to mislead this Court. Additionally, the testimony offered by Defendant's attorney is vague, conclusory, and contains improper legal conclusions—it is therefore insufficient to even infer a claim of intentional delay.

Defendant claims Plaintiff did not prevail in this Court or that any success was minimal. The record shows otherwise—Plaintiff succeeded on every filing in this Court.

Defendant also fails to refute that counsel's billing rates are reasonable. In doing so, it ignores that Plaintiff has succeeded at all levels of this litigation.

Finally, Defendant recycles arguments this Court already rejected. Specifically, Defendant accuses Plaintiff's mother of deliberately keeping her out of school to obtain a favorable stay put ruling. This Court already heard and

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

1   dismissed those claims, reminding Defendant that the IDEA mandates schools to

2   educate students and never obligates parents to pay for their children's' services.

3          The Court should award Plaintiff fees in the amount of $181,367.50.

4   **II.    Argument**

5          A.    <u>The Ninth Circuit rejected all of Defendant's arguments when it
               granted Plaintiff's motion for fees in that venue.</u>

6          In its opposition to Plaintiff's Ninth Circuit fees motion, Defendant asserted

7   many of the same arguments it does here. (Reply Ex. 1.) Despite that it made these

8   arguments, the Ninth Circuit granted Plaintiff's fees motion. (Reply Ex. 2, Order

9   Granting Plaintiff's Motion for Attorneys' Fees.) The Court can thus assume that

10  the Ninth Circuit found those arguments meritless. *See Brae Corp. v. U.S.*, 740 F.2d

11  1023, 1071 (D.C. Cir. 1984) (arguments "not explicitly addressed" are also rejected

12  when court rules against party making argument). This Court should follow suit.

13         B.    <u>Defendant's settlement offers failed to account for attorneys' fees,
               which is substantial justification for rejection in the Ninth Circuit</u>

14

15         Defendant argues its two settlement offers—of $22,000 and $45,000—bar

16  Plaintiff's recovery of fees because (according to Defendant) Plaintiff received less

17  than those amounts at OAH. The settlement offers were "global," meaning that

18  Defendant would pay only those amounts and not compensate Plaintiff for all

19  attorneys' fees incurred. Defendant's contention fails.

20         As the Ninth Circuit has noted, '[t]here is little precedent interpreting the

21  phrase 'substantially justified,' but examples from other cases include situations

22  where the offer failed to cover the parents' attorney fees." *Beauchamp v. Anaheim*

23  *Union High Sch. Dist.*, 816 F.3d 1216, 1222 (9th Cir. 2016) (citing *Dicks v. D.C.*,

24  109 F. Supp. 3d 126, 131-32 (D.D.C. 2015)). A failure to provide for attorneys' fees

25  can be interpreted as providing sufficient justification for rejecting a settlement

26  offer. *See, e.g.*, *Adams v. Compton Unified Sch. Dist.*, 2015 WL 12748005, at *5

27  (C.D. Cal. July 16, 2015) ("failure to provide for attorney's fees in their statutory

28  settlement offer when Plaintiffs had a reasonable basis to expect to recover fees

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

substantially justified Plaintiffs in rejecting Defendants' [ ] settlement offer.");
*Hawkins v. Berkeley Unified Sch. Dist.*, 2008 WL 681880 (N.D. Cal. Nov. 20, 2008)
(finding that the insufficiency of the attorney's fees offered in settlement offer
substantially justified the plaintiff's decision to reject the offer).

By April 17, 2018—the date of Defendant's $22,000 global offer—Plaintiff's
attorneys had billed 65.4 hours on this matter, at a rate of $400 per hour, totaling
$26,160. (Doc. No. 92-3, Plaintiff's Evidence, Exhibit F [Pages 126-127, Page IDs
#2091-2092].) The fees alone exceed Defendant's $22,000 offer, and Plaintiff was
substantially justified in rejecting it. Adding Defendant's calculations of the OAH
award—$9,600 plus "a few [3] thousand dollars"—the total reaches $38,760, and
thus Plaintiff was substantially justified in rejecting Defendant's $22,000 offer.

By the date of Defendant's $45,000 global offer, May 17, 2019, Plaintiff's
attorneys had billed 138.9 hours at a rate of $400 per hour, totaling $55,560. (Doc.
No. 92-3, Plaintiff's Evidence in Support of Motion for Fees, Exhibit F [Pages 123-
127, Page IDs #2088-2092].)  Those fees alone exceed Defendant's $45,000 global
offer and therefore Plaintiff was justified in rejecting it. Adding Defendant's
calculations of the OAH award—$9,600 plus "a few [3] thousand dollars"—the
total reaches $68,160, so Plaintiff was substantially justified in rejecting
Defendant's $45,000 offer.

Having the chance to amend its opposition—-and create more litigation—
Defendant now adds an argument it did not include in its initial opposition.
Specifically, it argues that because its settlement offers included some fees—that it
unilaterally considers reasonable—Plaintiff was not justified in rejecting the
settlement offers. Like all of Defendant's arguments throughout this litigation, this
assertion is meritless.

Defendant first tries hindsight—talking about the degree of success at the
final hearing—-rather than looking at whether Plaintiff was justified in rejecting the
offer at the time of rejection. (See Doc. No. 132 at 6:24-7:8.) That is wrong:

1  reasonableness is assessed using the information available at the time of decision—
2  not through hindsight. *City & County of San Francisco v. United States*, 615 F.2d
3  498, 502 (9th Cir.1980) (review of reasonableness determined by looking at time
4  when decision made, i.e., hindsight prohibited); *Armenta v. Allstate Indem. Co.*,
5  2011 WL 4383061, at *6 (E.D. Cal. 2011) (no hindsight when assessing
6  reasonableness of acceptance or rejection of settlement offers).

7       The Court also need not entertain the notion that Defendant can unilaterally
8  determine whether fees incurred at the time of rejection were reasonable. Plaintiff
9  attached the billing statements showing the fees incurred on the dates of the
10 settlement offers—that is the evidence that should be used. Defendant's settlement
11 offers do not bar Plaintiff from recovering her fees.

12       C.    <u>Plaintiff's OAH victory was not minimal.</u>

13       Defendant mistakenly relies on the raw number of issues addressed by the
14 OAH, rather than assessing Plaintiff's attribution of hours to the issues upon which
15 she did prevail. In doing so, it has failed to make a credible argument that Plaintiff
16 cannot recover the entirety of her fees.

17       Initially, Defendant asserts that each issue was factually and legally isolated.
18 For example, it claims that "the facts regarding the actual contents of an IEP may
19 be relevant to issue 1, which related to the sufficiency of the IEP, were not pertinent
20 to issue 2 which specifically related to whether certain services were implemented."
21 (Doc. No. 99 at 8:5-8.) This ignores that the IEP governs the services that are to be
22 implemented, meaning an understanding of the IEP is required for both issues. *See*
23 20 U.S.C. § 1401(14) (IEP governs services to be administered); 34 C.F.R.
24 §§ 300.22, 300.320(a) (same). The rest of Defendant's arguments similarly suffer.

25       Additionally, Defendant submits no sworn evidence contradicting Ms.
26 Powers' testimony that all of the issues involved facts that were inextricably
27 intertwined, meaning that every hour billed is recoverable. (*See* Doc. No. 96-2,
28 Declaration of Michelle Powers in Support of Plaintiff's Motion for Fees, ¶¶ 19-

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

21.) "Argument is not evidence." *Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1312 (9th Cir. 2003). Defendant has failed to meet its burden to contradict the sworn testimony on this issue.

Last, for brevity's sake, Plaintiff does not restate here the explanations of why the issues were intertwined and thus all fees are recoverable. Instead, Plaintiff asks that the Court compare the detail provided in Plaintiff's moving papers (Doc. No. 92-1 at 6:1-8:15) with the conclusory and groundless statements in Defendant's opposition (Doc. No. 99 at 7:1-9:6.). Plaintiff is entitled to recover the fees for every hour billed on this matter.

D.   In alleging delay, Defendant omits material facts, strains credulity, and provides no evidentiary support.

Defendant argues that Plaintiff attempted to delay proceedings by seeking to stay the OAH and District Court proceedings while waiting for the Ninth Circuit appeal. That tells only half the story. Plaintiff's ex parte with this Court sought two things: first, "an Order from this Court to ensure that Defendant, River Springs Charter Schools, implement[ed] this Court's 05/18/18 Stay Put Order;" and second, an "order staying administrative proceedings before the OAH during the pendency of the Ninth Circuit appeal." (Doc. No. 50 at 3.)

The first request for relief resulted from Defendant's failure to comply with this Court's order granting stay put. (Doc. No. 40-1.) The Court granted that request:

> The Court was express in its holding. Any deviation from this Court's holding during the pendency of this dispute must be with the consent of the parents and the school. To the extent that Plaintiff has not received all that is required pursuant to the IEP, as Plaintiff alleges, Plaintiff must receive those services.

(Doc. No. 50 at 4.)

Defendant does not mention the first request for relief, nor does Defendant admit that this Court granted it. (Doc. No. 50.) It is telling that Defendant deliberately omitted these material facts. *See Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716, 723 n.3 (9th Cir. 2017) (stating that while a party's

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

submission was "strictly true," it was "troubling" that the submitting party omitted "facts material to the . . . argument."). The logical inference is that Defendant omitted these facts because including them would require Defendant to admit that it had failed to comply with an order of this Court, and that such failure necessitated Plaintiff's ex parte application.

Defendant also omits that the reason Plaintiff attempted to amend the OAH complaint was to remedy the same wrongdoing—Defendant's failure to comply with this Court's stay put order:

> Student contends amendment is warranted because Charter allegedly violated a May 18, 2018 order from the United States District Court for the Central District of California, in which the court overturned OAH's order denying Student stay put at the Prentice School. In its order, the district court found Prentice to be Student's stay put.

(Doc. No. 99-2, Defendant's Evidence, Exhibit E [Page 15 of 35, Page ID# 2431].)
Defendant also deliberately omits that the OAH then required Plaintiff to seek relief in this Court:

> OAH does not have authority to enforce the district's court's order. If Charter is in violation of that order, Student's remedy lies with the district court, not with OAH.

(Doc. No. 99-2, Defendant's Evidence, Exhibit E [Page 15 of 35, Page ID# 2431.].)

Defendant next argues that Plaintiff's Federal claims lacked merit. This is a bald argument with no supporting facts or law, and it is contradicted by the record of this Court and the Ninth Circuit. (Doc. No. 28, Order Granting Stay Put Injunction; Doc. No. 62, Order Denying Defendant's Motion for Reconsideration; Doc. No. 78, Order of Ninth Circuit Affirming TRO.) On the single claim that was not adjudicated—the section 504 cause of action—Defendant has provided no authority or evidence that the claim lacked merit. No such conclusion can be drawn from the dismissal of the claim, because it was dismissed without prejudice and thus was not adjudicated on the merits. *See* Fed. R. Civ. Proc. 41(a)(1)(B); *Oscan v. Alaska Dep't of Educ. and Early Development*, 514 F.3d 978, 981.

6

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

Defendant also attempts to show undue delay by asserting that Plaintiff's attorneys were late to the OAH hearings and took elongated breaks. (*See* Doc. No. 99-1 at ¶ 2.) Defendant's attorney does not testify to the specifics of these allegations—"late" could mean fifteen seconds or two hours—so the testimony does not provide sufficient detail to prove delay, whether intentional or not. *See Kaur v. Gonzales*, 121 Fed. Appx. 265, 265 (9th Cir. 2005) (rejecting testimony that "lacked sufficient detail.").

Additionally, Defendant's attorney's testimony does not directly connect the alleged lateness to the length of the hearing. If Defendant's attorney could competently testify that the alleged lateness elongated the hearing, she would have done so. Instead, she leaves the connection unsworn, knowing she cannot prove it. That does not suffice. *See Nelson Ricks Cheese Co. Inc. v. Lakeview Cheese Company, LLC*, 331 F. Supp. 3d 1131, 1142 (D. Idaho 2018) (rejecting testimony that did not "necessarily connect any actions by" the opposing party to the complained-of result, and reasoning that—just because the result occurred—it did not mean the opposing party "was nefariously striving to make that happen.").

Last, Defendant's attorney testifies that Plaintiff's "attorneys went well beyond the time estimates given for questioning the witnesses as their questions were often unfocused and irrelevant." (Doc. No. 99-1 at ¶ 2.) Defendant does not provide a single example of the allegedly unfocused or irrelevant questions. Instead, Defendant's attorney makes a vague and conclusory assertion, which is insufficient. *See Kaur*, 121 Fed. Appx. at 265. Further, Defendant does identify the witnesses that Plaintiff's attorneys allegedly took too long to question. Nor does it provide specifics as to the original time estimates or the amount of time the questioning actually took. *See id.* Additionally, the claim that the questions were "irrelevant" is a legal conclusion entitled to no weight from this Court. *See U.S. v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) (stating that witness "may not . . . testify as to a legal conclusion.").

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

1    Defendant has failed to show improper or deliberate delay. The claims do not

2    suffice to defeat Plaintiff's request for fees.

3         E.    <u>Plaintiff prevailed in this Court.</u>

4        Defendant next asserts—despite that every ruling in this Court was in

5    Plaintiff's favor—that Plaintiff is not the prevailing party for the proceedings in

6    front of this Court. It argues: (1) that there was no dispute on the "actual merits";

7    (2) that Plaintiff "manufactured the circumstances" leading to the TRO request; and

8    (3) that the TRO only maintained the status quo and thus did not alter the

9    relationship in a manner sufficient to render Plaintiff the prevailing party. All three

10   arguments are factually and legally incorrect—as the Ninth Circuit has already

11   determined.

12       This Court decided the merits of the stay put dispute when it analyzed

13   Plaintiff's request for a TRO under 20 U.S.C. section 1415(j). (See Doc. No. 28,

14   Order Granting Stay Put Injunction.) The Court issued a five page order outlining

15   the procedural history of this case, analyzing Defendant's attempt to carve Prentice

16   out of the stay put statute, and finding Plaintiff would suffer irreparable harm were

17   she not returned to Prentice immediately. (Doc. No. 28, *passim.*) The Court then

18   denied Defendant's motion for reconsideration, in which Defendant argued that

19   "new facts"—the facts it claims form the "merits" of this dispute—did not change

20   the conclusion that Prentice was the appropriate stay put placement. (Doc. No. 62,

21   *passim.*) In other words, this Court addressed the merits of this dispute twice.

22       As discussed above and in section G, *infra*, this Court has already rejected

23   the argument that Plaintiff manufactured the circumstances behind her stay put

24   request. The Court held: that the stay put statute supported returning C.Q. to

25   Prentice; and that the IDEA does not require a parent to bear the cost of their child's

26   education when the school district removes a child from school. (Doc. No. 62 at 4.)

27       The stay put order also did not merely "maintain the status quo." At the time

28   Plaintiff came to this Court, she had been removed from Prentice and was not

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

attending school at all. (Doc. No. 28 at 2 ["Plaintiff has been unable to attend school since April 19, 2018]; *id.* at 4 ["The disruption led to the exact situation that the stay-put provision attempts to foreclose: a unilateral denial of placement to C.Q. in an educational institution that adhered to the terms of the IEP while the parties' dispute was resolved."].) This Court's order required Defendant to allow Plaintiff to return to Prentice, and she did so only after this Court's ruling. Thus, Plaintiff's TRO request awarded the affirmative relief of returning her to the school from which Defendant had removed her.

Further, the Ninth Circuit has already rejected Defendant's argument that Plaintiff is not a prevailing party for the stay put issue. (*See* Reply Ex. 1 at 3-5; Reply Ex. 2, Order Granting Plaintiff's Motion for Fees.) Plaintiff prevailed in this Court and is thus entitled to associated fees.

F.     Plaintiff prevailed on every issue in this Court—the opposite of "minimal" success

Defendant claims Plaintiff's success in this Court was "minimal." The record says otherwise. (Doc. No. 28, Order Granting Stay Put Injunction; Doc. No. 62, Order Denying Defendant's Motion for Reconsideration.) Unlike Plaintiff, Defendant has never received a favorable ruling from this Court:

| **Date:** | **Plaintiff's Filing:** | **Result:** |
|---|---|---|
| 2018-05-14 | Ex parte application for stay put injunction (Docs 16-18.) | Granted (Doc. No. 28) |
| 2018-09-14 | Ex parte to enforce stay put order and stay OAH proceedings. (Doc. No. 40, 43.) | Granted in part. (Doc. No. 50.) |
| 2019-06-17 | Motion to amend complaint. (Doc. No. 79.) | Granted. (Doc. No. 81.) |
| 2019-07-01 | Motion to strike counterclaims and cross-claims. (Doc. No. 93.) | Granted. (Doc. No. 113.) |

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

| Date: | Defendant's Filing: | Result: |
|---|---|---|
| 2018-10-19 | Motion for reconsideration of stay put injunction. (Doc. No. 54) | Denied. (Doc. No. 62.) |
| 2018-10-19 | Ex parte application to shorten time on motion for reconsideration (Doc No. 55.) | Denied. (Doc. No. 56.) |
| 2019-06-26 | Counterclaim against Plaintiff and her Parents (Doc. No. 87.) | Stricken. (Doc. No. 113.) |
| 2019-06-26 | Motion to change venue. (Doc. No. 86.) | Denied. (Doc. No. 118.) |
| 2019-06-28 | Crossclaim against Plaintiff, her attorneys, and her mother. (Doc. No. 91.) | Stricken. (Doc. No. 113.) |
| 2019-07-02 | Ex parte to continue hearing on motion for attorneys' fees. (Doc. No. 95.) (Consented to by Plaintiff.) | Granted. (Doc. No. 104.) |
| 2019-07-23 | Motion to continue hearing date. (Doc. No. 114.) | Denied. (Doc. No. 116.) |
| 2019-07-23 | Ex parte to shorten time on motion to continue hearing date. (Doc. No. 115.) | Denied. (Doc. No. 116.) |

Defendant then claims that Plaintiff cannot seek fees for the work performed after this Court granted her stay put request, asserting that no fees from Attorney Greco are recoverable. That ignores that Defendant filed—and lost—a motion for reconsideration, for which Attorney Greco authorized the opposition. (See Doc. No. 60 at 11.) It also ignores that Plaintiff's bill demonstrates that Plaintiff is not seeking virtually any fees related to the section 504 claim, because very little work was done on that cause of action. Defendant's argument is an attempt to muddy the waters, so it does not have to pay the fees it owes. The Court should see through the effort.

G.   Plaintiff's fees and rates are reasonable and recoverable.

Defendant nitpicks the rates billed by counsel in an attempt to reduce its liability. In doing so, it ignores that the results Plaintiff's attorneys achieved prove that the fees are worth it. Despite that Defendant fought Plaintiff at every turn—and continues to do so today—Plaintiff continually prevailed. See *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (considering "excellent" nature of relief when

10

1  determining fee award).

2      Similarly, Defendant argues that it was excessive for Attorney Greco to spend

3  3.5 hours researching a school district's entitlement to fees. But it is axiomatic that

4  any good attorney would and should research every legal issue in a brief to ensure

5  they have at hand the most current case law.

6      Next, Defendant claims Plaintiff seeks fees for "clerical work." That is

7  incorrect. Redaction of records is not "clerical work" because it involves legal

8  judgment in determining what information should and should not be withheld.

9  Reviewing a file—whether downloaded from CM/ECF or not—necessarily

10 involves assessing the legal issues presented by that file; it is not clerical work.

11 Preparing exhibit binders necessarily involves assessing which exhibits need to be

12 included—that is legal work.

13     Defendant also claims—citing no evidence or authority—that various entries

14 of time were "excessive." Those baseless conclusions do not warrant consideration.

15     Last, Defendant claims that Ms. Powers and Ms. Grewal do not warrant $400

16 per hour. That contradicts the cases cited in Plaintiff's request for judicial notice,

17 which award that rate—or higher—for similar work by similar attorneys. All the

18 requested rates are reasonable and the Court should rule as such.

19     H.   <u>Defendant fails to show its recycled "bad faith" argument has merit.</u>

20     This Court and the Ninth Circuit have repeatedly rejected the contention that

21 Plaintiff's stay put request was frivolous or in bad faith. Nevertheless, Defendant

22 re-argues the same claims it made in its motion for reconsideration and in support

23 of its motion for fees. Specifically, Defendant claims that Plaintiff's parents

24 deliberately withheld her from Prentice to gain a litigation advantage. (*See* Doc. No.

25 99 at 17:19-22:4.)

26     This Court has already rejected that argument for two reasons. First, "this

27 Court's holding designating Prentice as Plaintiff's stay put school did not require a

28 consideration of  irreparable harm," because a "motion for stay put functions as an

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

1  automatic preliminary injunction, meaning that the moving party need not show the

2  traditionally required factors (e.g., irreparable harm) in order to obtain preliminary

3  relief." (Doc. No. 62 at 4 [internal quotation marks and citations omitted].) Second,

4  the Court noted that even if Plaintiff did deliberately stay home from school, the

5  Court would still decline

6        to shift the burden of Plaintiff's education from Defendant to her

7        parents. There is no language in the Individual With Disabilities
      Education Act suggesting that Congress wanted parents of means

8        to pay for their children's education at a stay put school. Instead,
      the statute **requires** the school district to keep children in their

9        current educational placement during the pendency of litigation.

10  (*Id.* [emphasis in original] [quotation marks & citations omitted].)

11      The Ninth Circuit's ruling also proves that Plaintiff's case was not frivolous,

12  unreasonable or in bad faith. The appellate panel wrote, "Prentice was the only

13  rational then-current placement." (Doc. No. 78 at 3.) If Prentice was the only

14  rational stay put school, it is axiomatic that Plaintiff's case had merit. Defendant

15  has thus failed to show Plaintiff's case was frivolous, unreasonable, or in bad faith.

16  **III.   Conclusion**

17      The Court should award to Plaintiff fees in the amount of $181,367.50.

18  Respectfully submitted:      **RMO LLP**

19        ***/s/ David Greco***

20  Date:  August 22, 2019    By: _____

21        David Greco

22        grecod@rmolawyers.com

24        Scott E. Rahn, Esq. (SBN 222528)
      rahns@rmolawyers.com

25        Sean D. Muntz, Esq. (SBN 223549)
      muntzs@rmolawyers.com

26        David G. Greco (SBN 299635)
      **RMO LLP**

27        2029 Century Park East, Suite 2910
      Los Angeles, CA 90067

28        Phone: (424) 320-9444

PLAINTIFF'S REPLY TO DEFENDANT'S <u>AMENDED</u> OPP. TO MOTION FOR FEES

1              Michelle Powers (SBN 250335)
2              Punam Patel Grewal (SBN 231524)
              powersgrewal@gmail.com
3              **POWERS GREWAL**
              2400 East Katella, Suite 800
4              Anaheim, CA 92806
              Phone: (909) 243-2239

13