Deborah R.G. Cesario, SBN 166263
debbie@hatchcesariolaw.com
Molly E. Thurmond, SBN 104973
molly@hatchcesariolaw-sd.com
Stephanie S. Baril, SBN 259581
stephanie@hatchcesariolaw-sd.com
HATCH & CESARIO
Attorneys-at-Law
10531 4S Commons Drive, Suite 583
San Diego, CA 92127
Telephone: (858) 943-4200
Facsimile:  (858) 943-4200

Attorneys for Defendant / Counter Claimant / Cross Claimant
RIVER SPRINGS CHARTER SCHOOL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| C.Q., a minor, by and through Guardians Ad Litem SAKU QUEZADA and PABLO QUEZADA,<br><br>Plaintiffs,<br><br>v.<br><br>RIVER SPRINGS CHARTER SCHOOLS, a California Local Educational Agency,<br><br>Defendant. | Case No.: 5:18-cv-01017-SJO-SHK<br><br>**RIVER SPRINGS CHARTER SCHOOL'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RE-FILED MOTION FOR SANCTIONS [DOCS 138-139]**<br><br>Date: October 7, 2019<br>Time: 10:00 a.m.<br>Crtrm.: 10C<br><br>The Hon. S, James Otero, Ctrm. 10C<br><br>Action Filed: May 11, 2018 |

RIVER SPRINGS CHARTER SCHOOLS, a California Local Educational Agency,

        Counter Claimant,

v.

C.Q., A MINOR, BY AND THROUGH GUARDIANS AD LITEM SAKU QUEZADA AND PABLO QUEZADA, DOES 1-10, INCLUSIVE AS COUNTER-DEFENDANTS

        Counter Defendants.

RIVER SPRINGS CHARTER SCHOOL, a California Local Educational Agency,

        Cross Claimant,

v.

SAKU QUEZADA, PUNAM GREWAL, MICHELLE POWERS, AND DOES 1-10, INCLUSIVE AS CROSS DEFENDANTS

        Cross Defendants.

## I.    INTRODUCTION

Plaintiff's motion to strike is not only procedurally improper, but also substantively lacks merit. The law is unambiguous that Federal Rules of Civil Procedure, Rule 12(f) ("Rule 12(f)") only applies to pleadings, and River Springs Charter School's ("RSCS") re-filed motion for sanctions is not a pleading. Moreover, this Court never mandated that a motion for sanctions could not be heard after September 9, 2019, nor did it set any deadline for the filing of such a motion. Further, RSCS' motion for sanctions does not needlessly prolong the litigation or cause any delay as Plaintiff had notice of this motion for months, had already filed her opposition to the original motion, and yesterday filed her

opposition to the re-filed motion for sanctions ("Motion"). Finally, Plaintiff has repeatedly insisted that the only remaining dispute related to her lawsuit is that of attorneys' fees, which issue has been taken under submission by this Court; this Motion is separate and apart from the motions for attorneys' fees, and it is well settled that motions for sanctions can be heard even after the litigation is pending. Accordingly, even if this "motion to strike" is considered, it must be denied.

## II.  RELEVANT LAW

Rule 12(f) provides in pertinent part that a "court may strike from a *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) As the Ninth Circuit has explained, "[u]nder the express language of the rule, only pleadings are subject to motions to strike." (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).) Pleadings are defined by Federal Rules of Civil Procedure, Rule 7(a) ("Rule 7(a)") and, "briefs are not pleadings." (*Greenspan v. IAC/Interactivecorp*, 2016 WL 4548050, at *2, *4 (N.D. Cal. Aug. 31, 2016).) Specifically, Rule 7(a) "limits the definition of 'pleadings' to complaints, third-party complaints, answers, and replies to answers." (*Peralta v. Countrywide Home Loans, Inc.*, 2009 WL 3837235, at *2 (N.D. Cal. Nov. 16, 2019); Fed.R.Civ.P. 7(a).)

"As a rule, motions to strike are regarded with disfavor because striking is such a drastic remedy; as a result, such motions are infrequently granted." (*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489-490 (C.D. Cal. 2014); *see also Rosen v. Masterpiece Marketing Group, LLC*, 222 F.Supp.3d 793, 797 (C.D. Cal. 2016); *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F.Supp.2d 1034, 1042 (C.D. Cal. 2008); *Novick v. UNUM Life Ins. Co. of America*, 570 F.Supp.2d 1207, 1208 (C.D. Cal. 2008).) "In determining such a motion, a district court must view the pleadings in the light most favorable to the non-moving party." (*Monaco*, 554 F.Supp.2d at 1042.) "When granted, '[i]n the absence of prejudice to the opposing party, leave to amend should be freely given.'

(Citation.)." (*Rosen*, 222 F.Supp.3d at 797; *see also Amini Innovation Corp*, 301 F.R.D. at 490.)

### III. RULE 12(f) DOES NOT APPLY TO RSCS' MOTION

Plaintiff is seeking to dispose of RSCS' Motion through an inappropriate and unavailable procedure. As discussed above, Rule 12(f) only applies to "pleadings" as defined by Rule 7(a). (*Greenspan*, 2016 WL 4548050, at *2, *4; *Peralta*, 2009 WL 3837235, at *2.) Rule 7(a) defines pleading as, "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Motions/briefs are unequivocally not within Rule 7's definition of "pleadings." Indeed, the law surrounding Rule 12(f), such as the viewing the pleadings in the light most favorable to the non-moving party and freely granting leave to amend absent prejudice, only makes sense in the context of pleadings as defined by Rule 7(a). Thus, Plaintiff's motion must be denied.

Notably, while Plaintiff asserts that "both the Ninth Circuit and its district courts have explicitly extended Rule 12(f) to strike arguments and briefs," this statement is not true. Rule 12(f) is not mentioned anywhere in *United States v. One 1964 MG, Serial No. 64GHN3L34408, Wash. License No. DFY 260*, 584 F.2d 889 (9th Cir. 1978) ("*One 1964 MG*"), and rightfully so as this case does not address briefs filed in the district court, and thus, Rule 12(f) does not apply. In *One 1964 MG*, the United States, who initiated an appeal to the Ninth Circuit, asked the Ninth Circuit to strike portions of the responding brief because the party who filed the brief raised issues in its responding brief that could have only been brought in a cross-appeal. (*Id.*) Likewise, Rule 12(f) is also not referenced anywhere in *Angel v. Eldorado Casino, Inc.*, 2008 2008 WL 1914330, (D. Nev. Apr. 25, 2008), which involved the striking of supplemental and reply briefs specifically because they were not authorized by the law. Lastly, Rule 12(f) is not

mentioned anywhere in *San Luis & Delta-Mendota Water Authority v. Salazar*, 666 F.Supp.2d 1137 (E.D. Cal. 2009), which involved the striking of a cross-motion for summary judgment because it addressed claims that were outside the scope of the claims that were set for early resolution in the scheduling order. However, the court specifically granted the motion without prejudice so that the party could renew its motion during the next round of briefing. (*Id.* at 1146.) Here, RSCS' Motion was not required to be brought by some other means, it is authorized by the law, and it was not made in violation of any scheduling order. Again, Plaintiff's motion must be denied.

### IV.   NO DEADLINE EXISTS FOR FILING THIS MOTION

Contrary to Plaintiff's assertion, this Court never ruled a proceeding in that matter could not take place after September 9, 2019. While RSCS agrees that the Court stated in its July 24, 2019 minute order, it would not permit the parties to further amend the pleadings or delay the closing of the case, the Court never ordered September 9, 2019, as a specific cut-off date nor did it state that it would not entertain meritorious motions after that date. RSCS is not amending its pleadings, and RSCS is permitted by law to bring this Motion pursuant to Federal Rules of Civil Procedure, Rule 11 and 28 U.S.C. section 1927. Significantly, it is well established that courts can address collateral matters such as motions for sanctions even after a case is no longer pending. (*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-396 (1990); *Martinez v. Columbia Sportswear USA Corp.,* 2011 WL 13253906, at *1 (E.D. Cal. June 23, 2011).) Thus, hearing RSCS' Motion will not delay the closing of this case, and this Motion for sanctions can and should be considered on its merits. Indeed, should this motion be granted it would thwart RSCS' ability to address the repeated misconduct of Plaintiff and her attorneys throughout this matter.

## V. THIS MOTION DOES NOT CAUSE DELAY

The Court ruling on RSCS' Motion does not cause any delay. As evidenced by Exhibit 5 to Plaintiff's original opposition to RSCS' motion for sanctions [Doc. 128-5], Plaintiff has had a copy of the motion for sanctions since July 2, 2019. RSCS filed the original motion for sanctions on August 12, 2019. [Doc. 120.] Plaintiff filed her opposition to the original motion on August 16, 2019. [Doc. 127.] As RSCS re-filed the exact same motion on September 3, 2019, as it did on August 12, 2019, the opposition Plaintiff filed on August 16, 2019 [Doc. 127] already addresses RSCS' motion. Moreover, the Student filed her new opposition to the Motion on September 9, 2019. [Doc. 141.] Lastly, as noted above, collateral matters such as sanction motions can be addressed even after a case is no longer pending. (*Cooter & Gell*, 496 U.S. at 395-396 (1990); *Martinez,* 2011 WL 13253906, at *1.), and thus, hearing RSCS' Motion will not delay the closing of this case.

## VI. PLAINTIFF FAILS TO MEET RULE 12(f) REQUIREMENTS

Even if this Court deems the Motion a "pleading," Plaintiff fails to satisfy the requirements of a successful motion to strike under Rule 12. The Court's "interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's 'plain meaning.'" (*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).) Thus, when analyzing a motion brought under Rule 12(f), the court begins its analysis by looking at whether the content to be stricken was "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." (*Id.* at 973-974.) Here, Plaintiff has not pointed to any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Plaintiff basis her motion solely on a fabricated deadline and a claim of delay. However, failing to meet an alleged deadline or causing an alleged delay cannot be the basis of a motion to strike. And while Plaintiff asserts that RSCS' Motion is based on issues this Court has already addressed, her assertion is simply not true. While the

Court found that the false statements made by Plaintiff's mother and attorneys were not relevant to its analysis in granting the temporary restraining order ("TRO") because the Court's decision was not based on a finding of irreparable harm, this Court has never made any ruling on whether or not the false statements made in the TRO application and supporting declarations and during oral argument amounted to sanctionable conducted.  Accordingly, Plaintiff's motion must be denied.

## VII.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike must be denied.

Dated: September 10, 2019

By: /s/ Molly Thurmond
Molly Thurmond
Deborah R.G. Cesario
Stephanie S. Baril
Attorneys for Defendant
River Springs Charter School